[Civ. No. 11393. First Appellate District, Division Two.—June 20, 1940.]

MARIA LABARTHE, Respondent, v. CONNELL C. McRAE et al., Appellants.

Thomas J. Straub, John J. Briare and William B. Kuder for Appellants.

Wayne R. Millington for Respondent.

NOURSE, P. J.—In a suit for personal injuries arising from a collision of automobiles in a street intersection the plaintiff had a verdict and judgment. The defendants' appeal is limited to an attack upon three instructions.

There is no substantial conflict in the evidence which the appellants concede is sufficient to support the judgment. The defendant McRae, driving a car in the business of his em-

ployer and codefendant, approached the intersection from the north. The plaintiff approached from the west, and to McRae's right. The two streets intersected at right angles and the intersection was clear and unobstructed. As McRae approached the intersecting line, he slowed down to a speed of about twelve miles an hour. The plaintiff was traveling a little faster—approximately at fifteen miles an hour. Though the view was clear and unobstructed, McRae testified that he did not see plaintiff's car approaching the intersection. Witnesses testified that he had his head turned to the left and was looking east, that he slowed down at the intersection, continued to look to the east, and gave the impression that he was stopping at the line. Because of this conduct the plaintiff testified that she assumed that McRae was yielding the right of way to her, and she accordingly drove forward, striking defendant's car about the middle of the right hand door. The blow was with such force that the entire front of plaintiff's car was badly injured.

 The first criticized instruction contained the expression "if two vehicles *approach* an intersection of public highways, at *approximately* the same time, or at the same time, the vehicle approaching from the right shall have the right of way, provided such vehicle is traveling at a lawful rate of speed". Respondent concedes the error of the instruction in view of the provision of section 550 (b) of the Vehicle Code, as it read at the time of the collision. It is there declared that the driver on the right shall have the right of way only when the two vehicles "enter" the intersection "at the same time". This section of the Vehicle Code, and the statutes preceding it, went through many legislative changes from 1923 to 1935 in a determined effort of the legislature to impress upon the courts that judicial interpretation of the legislation was not in accord with the legislative intent.

The admitted error in the instruction would become a material and important factor in the ordinary case of collisions at street intersections where one party, relying upon the old statute of 1923, arbitrarily insists that he is entitled to the right of way because he has approached the intersection first, thus disregarding the equally important element of the relative rate of speed of the two vehicles. If the criticized instruction were given in relation to evidence which showed

these facts only—that the two vehicles approached the intersection at approximately the same time—the prejudice to the defendants would be apparent because the undisputed evidence is that plaintiff's car was traveling at a slightly greater speed than defendants'. It should be a matter of which a court would take judicial notice, because it is of common knowledge among laymen, that when two vehicles approach an intersection at approximately the same speed, each following its direct lane of traffic, and the one coming from the right, strikes the one coming from its left on the side or rear of the latter, it is physically impossible that the vehicle coming from the right entered the intersection before the other, or at approximately the same time.

Since this is a matter well known to every juror, it is still a matter of doubt whether an instruction such as that complained of would be prejudicial. But there is an additional element present here which would seem to remove any claim of prejudice—that is that the question of right of way, which is made an issue in the instructions and the briefs, is really not an issue under the admitted facts of the case. The primary issues of defendant's negligence and plaintiff's contributory negligence both must rest upon the acts of the parties at the particular moment irrespective of the provisions of the statute. The evidence is that, as McRae approached the intersection he "slowed down and he came to a stop", continued to look to his left, apparently seeking a street number. The plaintiff testified that all the actions of McRae led her to believe that he was stopping to let her go through, and was thus yielding to her the right. This evidence, which of course the defendants could not controvert, removes from the instruction any possible prejudice which there might be in the portion objected to.

The criticism of the portion of the instruction relating to the right of a driver entering an intersection at an improper rate of speed does not present a substantial question on this appeal because under the evidence it was more favorable to defendants than to the plaintiff. There was some testimony that after McRae came to an apparent stop he "shot" forward, but there was no testimony tending to show that at any time he was traveling more than twelve miles an hour, which was well within the proper limits.

■ The third and final question raised by appellants concerns the instruction that the recovery permitted in cases of this character included mental suffering incident to the physical injuries "whether permanent or temporary, disfiguring or humiliating"; and that "Mental worry, distress, grief, mortification, where they are shown to exist, are proper competent evidence of that mental suffering for which the law entitles the injured person to redress in monetary damages."

Appellants' argument is that the instruction encouraged the jury to indulge in "speculation and conjecture upon plaintiff's humiliation and mortification". But this is merely speculation and conjecture on appellants' part. The verdict was for $2,000. Appellants do not claim it was excessive. As far as appears it was a reasonable amount covering the actual physical injuries and the special damages. We cannot conjecture that there was prejudicial error in the instruction.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1940.